IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT EMMETT**  **PLAINTIFF**
**HELLMERS, III**

**v.**  **CIVIL ACTION NO. 1:16-cv-157-HSO-JCG**

**VAN GIADROSICH et al.**  **DEFENDANTS**

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S SUIT BE DISMISSED FOR FAILURE TO PROSECUTE AND THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED

This is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Robert Emmett Hellmers III. He filed this suit *pro se* and *in forma pauperis* while confined as a pretrial detainee at the Lenoir Rowell Criminal Justice Center in Pearl River County, Mississippi. Now before the Court is Defendants' Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment (ECF No. 31).[1] Plaintiff has not responded to Defendants' Motion, did not appear at the duly-noticed omnibus hearing, and did not respond to the post-hearing Order to Show Cause. Having reviewed Defendants' Motion, the record, and relevant law, the undersigned finds that all claims against all Defendants are appropriate for dismissal under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. Defendants

---

[1] Defendants were, at the time pertinent to the Complaint, law enforcement officers with the Sheriff's Department of Pearl River County or Lenoir Rowell Criminal Justice Center.

should also be granted summary judgment because Plaintiff failed to exhaust available administrative remedies before filing suit.

## I. BACKGROUND

Plaintiff's Complaint provides that he was arrested by Pearl River County law enforcement officers on August 6, 2015, and charged with being a felon in possession of a concealed weapon. (ECF No. 1, at 3). He was also charged with possession of controlled substances. *Id.* Plaintiff was taken into custody and housed at Lenoir Rowell Criminal Justice Center. *Id.* On the third day of his incarceration, a search warrant was issued for his phone. *Id.* Plaintiff maintains that the warrant was illegal for various reasons. *Id.* Plaintiff alleges that his constitutional rights were violated because he remained incarcerated for 180 days before having a preliminary hearing. *Id.* at 4. Plaintiff also complains regarding numerous alleged conditions at Lenoir Rowell Criminal Justice Center, including painted windows, lack of cleaning supplies, and an inadequate grievance system. (ECF No. 11, at 4; ECF No. 17, at 1).

Plaintiff filed his § 1983 Complaint on May 9, 2016. He responded to various Orders requiring him to elaborate on his claims. United States District Judge Sul Ozerden issued an Order on March 30, 2017, dismissing the Sheriff's Department as a Defendant and denying Plaintiff's request to add Lenoir Rowell Criminal Justice Center and two state court judges as Defendants. (ECF No. 20, at 5). To the extent

that Plaintiff sought release from incarceration, those claims were severed and a new habeas case opened. *Id.*

With respect to Plaintiff's § 1983 claims, the undersigned set an omnibus hearing for August 28, 2017, which was to serve as a *Spears* hearing and a case management hearing. (ECF No. 27).[2] A Writ of Habeas Corpus Ad Testificandum issued to the Warden of Lenoir Rowell Criminal Justice Center to produce Plaintiff for the omnibus hearing. (ECF No. 28). Prior to the hearing, the Deputy Clerk received a telephone call from Lenoir Rowell Criminal Justice Center advising that Plaintiff had been released.

Plaintiff did not appear at the omnibus hearing on August 28, 2017. The Court issued an Order to Show Cause (ECF No. 37), ordering Plaintiff to file a response in writing on or before September 11, 2017, showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders requiring him to keep the Court apprised of his current address, should not result in dismissal of this suit pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff was also ordered to respond to Defendants' dispositive Motion. Plaintiff was specifically warned that failure to comply by timely filing a written response would result in an immediate recommendation to Judge Ozerden that this case be dismissed pursuant to Rule 41(b) for failure to prosecute. The Order to Show Cause was mailed to Plaintiff at his last known address at Lenoir Rowell Criminal

---

[2] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

Justice Center. The Order to Show Cause was delivered (ECF No. 38). Plaintiff has not filed a response.

## II. DISCUSSION

A.   <u>All claims should be dismissed for Plaintiff's failure to prosecute</u>

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the Court finds that there is a clear pattern of delay and contumacious conduct. Plaintiff has not kept the Court apprised of his mailing

address, even after repeated warnings that failure to do so subjected his case to dismissal. Plaintiff has also been advised on numerous occasions of his duty to prosecute. Plaintiff has not filed a response to Defendants' Motion, despite being ordered to do so. Plaintiff did not appear at the omnibus hearing, and he did not respond to the post-hearing Order to Show Cause. Plaintiff apparently has been released and no longer has an interest in pursuing this suit. Lesser sanctions than dismissal would not prompt diligent prosecution. The undersigned recommends that all claims against all Defendants be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by numerous Orders of the Court.

B.  <u>Defendants should be granted summary judgment because Plaintiff did not exhaust available administrative remedies before filing suit</u>

Defendants are also entitled to summary judgment because Plaintiff failed to exhaust available administrative remedies before filing suit. Defendants' Motion is styled as a Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment. (ECF No. 31). The undersigned addresses the Motion as one for summary judgment. Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that they believe

demonstrate the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323-325. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies prior to filing an action with respect to prison conditions:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

"The prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart v. Erwin,* 837 F.3d 444, 451 (5th Cir. 2016). The United States Court of Appeals for the Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must

not just substantially comply with the prison's grievance procedures, but instead must exhaust available administrative remedies *properly.*" *Id.* (emphasis in original) (quotation omitted). Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

Defendants have met their initial summary judgment burden by providing affidavits attesting that Plaintiff's prison file was reviewed and revealed that Plaintiff filed no grievances while at Lenoir Rowell Criminal Justice Center, despite being advised of those procedures during booking. (ECF No. 31-3, at 1). Plaintiff has submitted nothing to rebut Defendants' summary judgment evidence. It can only be concluded that Plaintiff filed this suit before exhausting his administrative remedies. Dismissal of Plaintiff's claims is therefore mandatory. Defendants are entitled to summary judgment because Plaintiff's claims are barred by 42 U.S.C. § 1997e(a).

### III. RECOMMENDATION

It is recommended that all claims against all Defendants be dismissed under Federal Rule of Civil Procedure 41(b) for Johnson's failure to prosecute and obey numerous orders of the Court. It is further recommended that the City of Gulfport's Motion for Summary Judgment be granted because Johnson has not articulated or demonstrated a basis for municipal liability.

IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This Report and Recommendation will be mailed to Plaintiff at his last known address: Robert Emmett Hellmers, III, #84159, 200 South Main, Poplarville, MS 39470.

**SIGNED,** this the 5th day of October, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE