# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROBERT EMMETT HELLMERS, III**                          **PLAINTIFF**

v.                                     **CIVIL NO. 1:16cv157-HSO-JCG**

**VAN GIADROSICH et al.**                                      **DEFENDANTS**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [39] AND DISMISSING PLAINTIFF'S CLAIMS

This matter comes before the Court on the Report and Recommendation [39] of United States Magistrate Judge John C. Gargiulo, entered on October 5, 2017. The Magistrate Judge recommended that the Complaint [1] filed by *pro se* Plaintiff Emmett Hellmers III ("Hellmers") be dismissed for failure to prosecute and also that summary judgment be granted against Hellmers for failing to exhaust administrative remedies. R. & R. [39] at 4-5. After due consideration of the Report and Recommendation, the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that Hellmers' claims in this action should be dismissed.

## I. BACKGROUND

On May 9, 2016, Hellmers filed a Complaint [1] against Defendant Pearl River County Sheriff's Department pursuant to 42 U.S.C. § 1983. Hellmers filed this suit while confined as a pretrial detainee at the Lenoir Rowell Criminal Justice Center in Pearl River County, Mississippi. Hellmers complained that the conditions of his confinement were unconstitutional and that an illegal search warrant was executed against his phone.

Hellmers later added Defendants Van Giadrosich, Rob Williams, Cory Mataya, Lisa Wayne, and Joann Graham.  Pl.'s Resps. [11][15][19].  This Court issued an Order [20] on March 30, 2017, dismissing Defendant Pearl River County Sheriff's Department and denying Hellmers' request to add Lenoir Rowell Criminal Justice Center and two state court judges as Defendants.  To the extent that Plaintiff sought release from incarceration, those claims were severed and a new habeas case opened.

With regard to Hellmers' § 1983 claims, the Court set an omnibus hearing for August 23, 2017, which was to serve as a case management and *Spears* hearing.  Order [27].  The Court ordered that Hellmers must elaborate on his claims at the hearing "so that it may be determined whether this case or any portion of it should proceed." *Id.* at 1.  A Writ of Habeas Corpus Ad Testificandum [28] was issued to the Warden of Lenoir Rowell Criminal Justice Center to produce Hellmers for the omnibus hearing.  Prior to the hearing, the Deputy Clerk received a telephone call from Lenoir Rowell Criminal Justice Center advising that Hellmers had been released.  R. & R. [39] at 3.

Hellmers did not appear at the omnibus hearing.  The Court issued an Order [37] to Show Cause, directing Hellmers to file a response showing cause why his failure to appear at the hearing or to follow the Court's numerous orders requiring him to keep the Court apprised of his current address should not result in the Court dismissing his case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  The Court warned Hellmers that failure to file a timely response to the

Order to Show Cause would result in a recommendation that this case be dismissed. Hellmers did not respond.

On August 21, 2017, the Defendants filed a Motion [31] for Judgment on the Pleadings, or in the Alternative for Summary Judgment. Defendants contended that Hellmers failed to exhaust administrative remedies. Mot. [31] at 2. Defendants submitted affidavits attesting that Hellmers' prison file was reviewed and revealed that Hellmers filed no grievances while at Lenoir Rowell Criminal Justice Center, despite being advised of those procedures during booking. Affs. [31-2][31-3].

On October 5, 2017, the Magistrate Judge entered a Report and Recommendation [39], recommending that Hellmers' claims be dismissed for failure to prosecute and failure to exhaust administrative remedies. The Magistrate Judge found a "clear pattern of delay and contumacious conduct," as Hellmers did not keep the Court apprised of his mailing address, did not file a response to Defendants' Motion, did not appear at the omnibus hearing, and did not respond to the post-hearing Order to Show Cause. R. & R. [39] at 4-5. The Magistrate Judge recommended dismissal of the claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Id.* at 5. The Magistrate Judge also recommended that Defendants were entitled to summary judgment on grounds that Hellmers' claims are barred by 42 U.S.C. § 1997e(a), which requires prisoners to exhaust available administrative remedies prior to filing an action with respect to prison conditions. The Magistrate Judge found that Defendants had carried their initial summary

3

judgment burden by providing affidavits regarding Hellmers' failure to file a grievance and also noted that Hellmers submitted nothing to rebut Defendants' evidence. R. & R. [39] at 7.

A copy of the Report and Recommendation was mailed to Hellmers at his address of record via certified mail and was delivered on October 10, 2017. Acknowledgment of Receipt [40]. Hellmers has not objected to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [39] as the opinion of this Court. Defendants' Motion [31] for Judgment on the Pleadings, or in the Alternative for Summary Judgment will be granted, and this civil action will be dismissed without prejudice for Hellmers' failure to prosecute and exhaust available administrative remedies.

4

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [39], entered in this case on October 5, 2017, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Robert Emmett Hellmers, III's claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 16th day of November, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE